IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL WAYNE GEORGE, #213605, | ) |
| Plaintiff, | ) |
| | ) CASE NO. 2:14-CV-1137-MHT |
| JOSEPH HEADLEY, *et al.*, | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Michael Wayne George ["George"], a state inmate, in which he challenges the constitutionality of actions taken against him during a previous term of incarceration at the Childersburg Work Release Center.[1]  Specifically, George complains that a correctional officer at the aforementioned facility, defendant Brian Roberts, used excessive force against him on September 20, 2014 and the defendants thereafter refused to provide him medical treatment for injuries suffered as a result of this use of force.  *Complaint - Doc. No. 1* at 3-7.

Upon review of the factual allegations presented in the complaint, it is clear to the court that this case should be transferred to the United States District Court for the Northern

---

[1] The Childersburg Work Release Center is located within the jurisdiction of the United States District Court for the Northern District of Alabama.

District of Alabama pursuant to 28 U.S.C. § 1404.[2]

## II.  DISCUSSION

A 42 U.S.C. § 1983 civil action "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought."  28 U.S.C. § 1404(a).

The individuals named as defendants reside in the Northern District of Alabama.  The actions about which the plaintiff complains occurred within the jurisdiction of the United States District Court for the Northern District of Alabama.  Thus, the claims asserted by the plaintiff are beyond the venue of this court.  It is clear from the face of the complaint that the proper venue for this cause of action is the United States District Court for the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court

---

[2]The plaintiff did not file either the $350 filing fee and $50 administrative fee applicable when a plaintiff is not proceeding *in forma pauperis* or an original affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by the required documentation from the inmate account clerk.  However, under the circumstances of this case, the court concludes that obtaining this information and any subsequent assessment/collection of the requisite fees should be undertaken by the United States District Court for the Northern District of Alabama.

for the Northern District of Alabama for review and determination.[3]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **February 9, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions

---

[3]In transferring the instant case, this court makes no determination with respect to the merits of the plaintiff's claim for relief.

of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    Done this 26th day of January, 2015.

                                      /s/ Wallace Capel, Jr.
                                      WALLACE CAPEL, JR.
                                      UNITED STATES MAGISTRATE JUDGE